IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL LINDSEY, individually and on behalf the minor, MICHETTA ROBINSON; GARY DUKES, JR.; MARQUIS DUKES; CHAD ROBINSON; CASSANDRA ROBINSON; and all on behalf of the deceased, SONJA ROBINSON LINDSEY<br><br>Plaintiffs,<br><br>v.<br><br>COBRA ENTERPRISES, INC. and BAYOU PAWN & JEWELRY #2 A/K/A BAYOU PAWN NO. 1, LLC<br><br>Defendants. | No. 08-3754<br><br>SECTION "S"<br><br>MAGISTRATE-JUDGE "3" |

**PLAINTIFFS' JUNE 2009 REPORT TO THE COURT RE REMAND ISSUES STATUS**

COMES NOW the Plaintiffs, by and through counsel of record, and reports to the Court as follows:

1.

Since Plaintiffs' last report to this Court, the parties have diligently endeavored to proceed with discovery to determine the true facts surrounding the jurisdictional issues, including fault of the Louisiana defendant Bayou Pawn and the details of the third-party fault alleged in Cobra's answer (including whether said third party fault would be attributable to a Louisiana person or entity).

1

2.

A gun inspection was held on June 19, 2009, as was a deposition of the owner of the Louisiana defendant.

3.

It has been extremely difficult obtaining information relative to this Court's subject matter jurisdiction. Plaintiffs' hands are tied through the *Jewell v. Dudley L. Moore, Ins.*, 872 F.Supp. 1517 (MDLA 1995) decision that severely hinders the undersigned's discovery abilities with regard to the Louisiana defendant Bayou Pawn.  For example, as mentioned in an earlier report, Plaintiffs were finally able to schedule the depositions of Mr. Rainey (owner of Bayou Pawn) and Mr. Breland (a gunsmith that supposedly inspected the gun for defects prior to its sale) for June 19, 2009.  Counsel for Bayou Pawn had earlier indicated that he would make the two deponents available for the deposition.  Out of an abundance of caution the Plaintiffs' attempted to subpoena the deponents for the deposition.  Although we were able to effect service on Mr. Rainey, our process server was told that Mr. Breland was now deceased.  It was not until just before the June 19 deposition of Mr. Breland that counsel for Bayou Pawn advised the undersigned that Mr. Breland was not deceased, but rather was working in Iowa or Illinois *and would not be attending the previously scheduled deposition and was unavailable in Louisiana for at least six weeks*.  Accordingly, after the deposition of Mr. Rainey (while all lawyers were present), the undersigned attempted to secure dates from opposing counsel for the next, and hopefully

final, rounds of depositions. Those are now tentatively scheduled for the week of August 10; however, to date, the undersigned's written confirmation of the dates agreement has not resulted in a response.

4.

Written discovery, referenced in the plaintiffs' last report [Document 23] is still outstanding to Cobra. Recall, said discovery included an interrogatory requesting that defendant Cobra divulge its third-party fault claims mentioned in its answer.

5.

It is expected that once the parties have conducted the above-referenced discovery and have had time to consult with their respective experts, then we will be able to put the facts before this Court so that this Court can make a determination on the subject matter jurisdiction issues at the same time so that the case can get back on track, whether before this Court or before the state court in which the action was originally brought.

WHEREFORE, Plaintiffs respectfully submit this report to the Court to apprise the Court of the progress being made towards discovery issues concerning the Motion for Remand.

Respectfully submitted,

GOFF AND GOFF
Attorneys At law
P.O. Box 2050
Ruston, LA  71273-2050
(318) 255-1760

By: s/ Addison K. Goff, IV
Addison K. Goff, IV
La. Bar Roll No. 21617
Texas Bar No. 24005833

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by ECF and/or by US Mail, postage prepaid and properly addressed this 29th day of June, 2009.

s/ Addison K. Goff, IV
ADDISON K. GOFF, IV
La. Bar Roll #21617
Texas Bar #24005833
GOFF AND GOFF
Attorneys At Law
Post Office Box 2050
Ruston, Louisiana 71273-2050
(318) 255-1760
(318) 255-7745
giv@aol.com

4